

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-401-H

CANDICE BUCK                                                                                  PLAINTIFF

V.

O'CHARLEY'S RESTAURANT
PROPERTIES, LLC et al                                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Candice Buck, sued her former employer O'Charley's Restaurant Properties, LLC ("O'Charley's") and her former supervisor Eric Maye ("Maye") (collectively "Defendants") in state court alleging that Defendants subjected her to sexual harassment and a hostile work environment in violation of KRS § 344.040. Defendants removed to federal court. Plaintiff has now moved to remand on the grounds that the case does not meet the amount in controversy requirement for diversity jurisdiction found in 28 U.S.C. § 1332. Defendant moved for discovery on the question of damages.

Maye is a resident of Kentucky, which would normally destroy diversity. However, in Defendants' motion to remand, Defendants alleged that Plaintiff fraudulently added Maye to this suit to destroy diversity and as such his citizenship should be ignored. 28 U.S.C. § 1441(a). Plaintiff did not contradict Defendants' assertion that Maye was fraudulently added to defeat diversity in her motion to remand, restricting her motion to the "amount in controversy" issue. "Under the doctrine of fraudulent joinder, the inquiry is whether [Plaintiff] had at least a colorable cause of action against [Maye] in the [Kentucky] state courts." *Jerome-Duncan, Inc. v. Auto-by-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999). Plaintiff claims that she was discriminated

against in violation of KRS Chapter 344. Under Kentucky Law, only an employer may be liable for such discrimination under that chapter. *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 794 (6th Cir. 2000). Maye is not Plaintiff's employer. Because Plaintiff has no claim against Maye, he is fraudulently joined and his citizenship will not defeat diversity.

Defendants have the burden of proving subject matter jurisdiction. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). In determining whether the case meets the amount in controversy requirement, the Court must consider any request for punitive damages and statutory attorney's fees. *Id.* In her complaint, Plaintiff requested compensatory and punitive damages resulting from her constructive discharge as well as statutory attorney's fees under KRS § 344.450. This Court has said that in an action for termination due to age and sex discrimination, "Defendant can easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement." *Egan v. Premier Scales & Sys.*, 237 F.Supp.2d 774, 776 (W.D.Ky. 2002). That appears to be true here. Moreover, Plaintiff has not asserted or stipulated to a lesser amount.

Subsequently, Plaintiff has attempted to amend her complaint. Under our rules, the Court will assume that the motion is one for leave to file an amended complaint. Fed. R. Civ. P. 15(c). The Court will consider this and other related motions when fully briefed.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is DENIED.

IT IS FURTHER ORDERED that Defendant's motion for discovery on the pending motion is DENIED.

This is NOT a final order.

September 22, 2009

**John G. Heyburn II, Judge**
**United States District Court**

cc:     Counsel of Record

3