UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-401-H

CANDICE BUCK                                                                                    PLAINTIFF

V.

O'CHARLEY'S RESTAURANT                                                             DEFENDANTS
PROPERTIES, LLC AND
ERIC MAYE

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Candice Buck, brought this action claiming she was sexually harassed by her immediate supervisor, Eric Maye, while working as a waitress for Defendant, O'Charley's Restaurant Properties, LLC ("O'Charley's").  There are several motions before the Court at this time.  Defendants have moved to dismiss Eric Maye and compel arbitration of all claims against O'Charley's.  Plaintiff has filed a motion to accept her amended complaint and a supplemental motion to remand.  Subsequently, Defendants moved for an extension of time to respond to the supplemental motion to remand.

**I.**

Although short in time, the procedural history of this case is complicated.  Plaintiff filed this action in May of 2009 in Jefferson County (Kentucky) Circuit Court against O'Charley's and Maye.  O'Charley's is a foreign corporation and Maye, like Plaintiff, is a resident of Kentucky.  In her original complaint, Plaintiff alleged that Maye sexually harassed her by "unwelcome, offensive, and harassing discriminatory conduct."  Based on this behavior, Plaintiff brought her action under the Kentucky Civil Rights Act, KRS 344.010, for creation of a hostile work environment and constructive discharge.  Defendants removed to this Court and filed

motions to dismiss Maye and compel arbitration. Defendants have not filed an answer to the complaint.

Following removal, Plaintiff moved to remand the case because the amount in controversy was not met. After Defendants responded but before the Court ruled on that motion, Plaintiff filed an amended complaint and a supplemental motion to remand. In her amended complaint, Plaintiff brought new common law allegations against Maye: assault, battery and outrage. Plaintiff also amended her complaint to include a claim of negligent hiring and retention against O'Charley's. Within a few days of filing the amended complaint, Plaintiff filed a supplemental motion to remand, alleging this Court lacks subject matter jurisdiction because complete diversity does not exist.

The amended complaint was filed after the original motion to remand had been submitted to the Court. Therefore, the Court did not consider it in ruling on the original motion to remand. In a September 22, 2009, Memorandum Opinion and Order (DN # 21), the Court denied Plaintiff's original motion to remand finding that Maye had been fraudulently joined as a party. Under the original complaint, the only allegations against Maye were based on KRS 344.010. That statute, however, does not provide a cause of action against an individual supervisor. Thus, there was no possibility of recovery against Maye, the only real defendant in the case was O'Charley's and complete diversity existed.[1] At the conclusion of that opinion, the Court stated that it would consider the amended complaint that had been filed as a motion to amend and would address that when fully briefed.

---

[1] The Court also found that the amount in controversy was satisfied.

## II.

The amended complaint was filed on September 4, 2009. At that time, Defendants had not filed an answer to the original complaint.[2] Rather, Defendants filed a motion to dismiss Maye personally and a motion to compel arbitration of all claims against O'Charley's. Under Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend her complaint once as a matter of course "before being served with a responsive pleading." A "responsive pleading contemplates a substantive response to the allegations in the complaint. A motion to dismiss, for example, does not cut off a plaintiff's right to amend without leave of court." *Am. Bush v. City of South Salt Lake*, 42 Fed. Appx. 308, 310 (10th Cir. 2002). Further, removal of the case and a motion to compel arbitration do not cut off Plaintiff's right to amend without leave of the court. *See Am. Home Assurance Co. v. Altman Specialty Plants, Inc.*, No. 08 Civ. 7504(PGG), 2009 WL 222158, at *3 (S.D.N.Y. Jan. 26, 2009). Thus, it appears that nothing prevented Plaintiff from filing her amended complaint without leave of the Court. Even if Plaintiff did need leave, however, this Court freely grants such leave. Here, the case has only been on the docket a matter of months. Amending the complaint at this time is appropriate. Thus, so the record is clear, Plaintiff's amended complaint, docket number 19, is accepted by the Court and will operate as the complaint in this case.

With Plaintiff's amended complaint on file, it appears that diversity has been destroyed. Under the circumstances, remand to the Jefferson County Circuit Court is likely appropriate. The Court will give Defendants fifteen (15) days to respond to Plaintiff's supplemental motion to remand.

---

[2] Defendants still have not filed an answer.

3

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to accept the amended complaint is SUSTAINED. Plaintiff's amended complaint (DN # 19) will operate as the controlling complaint in this matter.

IT IS FURTHER ORDERED that Defendants' motion for an extension of time to file a response to Plaintiff's supplement motion to remand is SUSTAINED. Defendants have fifteen (15) days to file their response.

All other motions remain pending.

This is not a final order.

cc: Counsel of Record